FILED

**NOT FOR PUBLICATION**

FEB 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALVIN LESLIE WITHERSPOON, | No. 13-36219 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-05163-JPH |
| v. | |
| BERNARD WARNER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Alvin Leslie Witherspoon, a Washington state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

violations of his 8th Amendment rights in connection with his medical treatment.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi v.*

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for defendants because Witherspoon failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating his knee condition. *See Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) (a difference of opinion between a prisoner and patient is not sufficient to establish deliberate indifference); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (to establish that a difference of medical opinion amounted to deliberate indifference, a prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health").

The district court did not abuse its discretion in granting defendants' motion for a protective order. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (setting forth the standard of review and noting that "[t]he district court has wide discretion in controlling discovery").

We do not consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-36219